UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DARRYL EASLEY, individually and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) CASE NO. _____ ) ) **JURY TRIAL DEMANDED** |
| vs. | ) ) |
| GC SERVICES LIMITED PARTNERSHIP and GC SERVICES CORP., | ) ) ) |
| Defendants. | ) ) |

## COMPLAINT

Plaintiff Darryl Easley, individually and on behalf of all others similarly situated, states and alleges as follows for his Complaint against Defendants GC Services Limited Partnership and GC Services Corp.:

### Nature of Case

1. Defendants employ workers to staff collection and customer service telephone lines in numerous geographically dispersed call centers, including a call center located in St. Louis County, Missouri. During the relevant time periods preceding this action, Defendants required these employees to log into computer systems and applications to "clock in" at the beginning of their assigned shifts and at the end of their lunch breaks. This work was performed "off-the-clock" and without pay. Defendants have also required and permitted employees to perform work, including skip tracing "off-the-clock" and without pay during lunch breaks. All such actions were performed for the primary benefit of Defendants. As such, Defendants received unpaid labor from their

employees each and every day. Plaintiff seeks to recover unpaid overtime wages under the Fair Labor Standards Act ("FLSA") and Missouri law.

### Jurisdiction and Venue

2. The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over the FLSA claims of Plaintiff and other similarly situated employees is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court also has jurisdiction over Plaintiff's state law claims under 28 U.S.C. §§ 1332(d)(2) and 1367.

3. Missouri law authorizes court actions by private parties to recover damages for violation of Missouri's wage and hour laws. R.S. Mo. § 290.527. Jurisdiction over Plaintiff's state law claims is based on 28 U.S.C. §§ 1332(d)(2) and 1367.

4. Venue in this district is proper under 28 U.S.C. § 1391(b) and (c) because Defendants conduct business in this district, operate call centers in this district, and substantial unlawful conduct giving rise to the claims occurred in this district.

### Parties

5. Plaintiff Darryl Easley resides in the County of St. Louis, Missouri and previously worked at Defendants' call center in St. Louis County from approximately September 2008 through October 1, 2009. His terms and conditions of employment, including compensation and pay practices, were determined by Defendants and his payroll was controlled and administered by Defendants. Plaintiff Easley's Consent to Become a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached hereto as Exhibit A.

6. Plaintiff brings Count I of this lawsuit as a collective action under the FLSA on behalf of himself and all other similarly situated employees employed in Defendants' call centers within the last three (3) years.

7. Plaintiff brings Counts II of this lawsuit as a class action under R.S. Mo. § 290.500 *et seq.* and Fed. R. Civ. Proc. 23 on behalf of himself and all other similarly situated employees employed on an hourly basis at Defendants' call centers located in Missouri within the last two (2) years.

8. Defendant GC Services Limited Partnership is a Delaware limited partnership registered to conduct business in Missouri that operates numerous call centers, including a call center within the County of St. Louis, which is located within the Eastern District of Missouri.

9. Defendant CG Services Corp. is a Delaware corporation that serves as the general partner of Defendant GC Services Limited Partnership. As general partner of Defendant GC Services Limited Partnership, Defendant GC Services Corp. maintains liability for the acts and omissions of GC Services Limited Partnership.

10. Defendants constitute joint employers under the FLSA and Missouri law.

**General Allegations**

11. The United States Supreme Court held that preparatory work duties that are integral and indispensable to the principal work activity are compensable under the FLSA. *See IBP, Inc. v. Alvarez*, 126 S. Ct. 514 (2005). Although *Alvarez* arose in the donning and doffing context in a meat processing plant, its holding is directly applicable to the collection and customer service call centers operated by Defendants.

3

12. Plaintiff and similarly situated employees engage in preparatory activities and other related work activities that are integral and indispensable for them to perform their customer service duties. Defendants do not pay their hourly employees who staff telephones in Defendants' call center for this work time; consequently, these employees consistently work "off the clock" and without pay. Accordingly, under the holding of *Alvarez*, as well as under consistent rulings and interpretations of the United States Department of Labor, Plaintiff and all similarly situated employees are entitled to compensation for the time spent working before and after their paid shifts.

13. Defendants uniformly deny wages and overtime pay to their employees by requiring them to perform "off the clock" work, including logging into various computer systems and applications.

14. Defendants uniformly deny wages and overtime pay to their employees by requiring and permitting them to perform duties "off-the-clock" during unpaid lunch breaks, including skip tracing.

15. The deliberate failure of Defendants to pay employees their earned wages and overtime compensation violates the FLSA and Missouri law.

16. Defendants pay Plaintiff and their other employees who staff dedicated customer service telephone lines at their call center facilities on an hourly basis and classify them as "non-exempt" under the FLSA and Missouri's wage and hour laws.

17. Defendants do not accurately record all time worked by the call center employees, and specifically do not include time these employees spent performing

integral and indispensable job duties, including logging into to computer systems and applications and performing tasks such as skip tracing during unpaid lunch breaks.

18. Defendants do not pay the call center employees to perform these integral and indispensable tasks.

19. The net effect of the policies and practices maintained and administered by Defendants, instituted and approved by company managers, is that Defendants willfully fail to pay overtime compensation and to keep accurate time records to save payroll costs. Defendants thus enjoy ill-gained profits at the expense of their hourly employees.

## Collective and Class Action Allegations

20. Plaintiff brings Count I as an "opt-in" collective action under 29 U.S.C. § 216(b) on behalf of all those who file a consent to join form with the Court.

21. Plaintiff, individually and on behalf of other similarly situated employees, seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately pay for all overtime hours worked. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

22. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

> All current and former hourly employees employed by Defendants at their call centers located in Missouri within the last two (2) years.

23. The state law claim, if certified for class-wide treatment, is brought on behalf of all similarly situated persons who do not opt-out of the Class.

24. Plaintiff's state law claim satisfies the numerosity, commonality, typicality, adequacy and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

25. The Class satisfies the numerosity standards. The Class consists of thousands of persons who are believed to be geographically dispersed. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through direct mail.

26. Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without imitation, the principal issues of (i) whether Defendants failed to pay Class members wages and overtime required under R.S. Mo. § 290.500 *et* seq. and (ii) whether Defendants failed to fully and accurately record the hours worked each day and each workweek by Class members as required under R.S. Mo. § 290.520;

27. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

28. Plaintiff's claims are typical of those of the Class in that Class members have been employed in the same or sufficiently similar call center positions as Plaintiff and the Class were subject to the same unlawful practices as Plaintiff.

29. Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interests of the other members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who are experienced in prosecuting complex wage and hour, employment, and class action litigation.

30. Maintenance of this action as a class action is a fair and efficient method for adjudicating this controversy. It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

**Count I: Violation of the Fair Labor Standards Act of 1938**

31. Plaintiff reasserts and re-alleges the allegations set forth above.

32. At all times material herein, Plaintiff and other similarly situated persons have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201 *et seq.*

33. The FLSA regulates, among other things, the payment of overtime to employees who are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

34. Defendants are subject to the overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

35. Defendants violated the FLSA by failing to pay for overtime. In the course of perpetrating these unlawful practices, Defendants also willfully failed to keep accurate records of all hours worked by their employees.

36. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated employees.

37. Plaintiff and all similarly situated employees are victims of a uniform compensation policy. On information and belief, the same unlawful compensation policies are applied to all hourly employees at all Defendants' call centers.

38. Plaintiff and all similarly situated employees are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the filing of the Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for whether their conduct was prohibited by the FLSA.

39. Defendants have not acted in good faith or with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay permitted by 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants did not

act willfully in failing to pay overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

40. As a result of the aforesaid willful violations of the FLSA's overtime pay provisions, overtime compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre- and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, on Count I of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by Section 16(b) of the FLSA; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

**Count II: Violation of Missouri's Wage and Hour Laws**

41. Plaintiff reasserts and re-alleges the allegations set forth above.

42. At all relevant times herein, Plaintiff and the Class have been entitled to the rights, protections, and benefits provided under Missouri's wage and hour laws, R.S. Mo. § 290.500 *et seq.*

43. Missouri's wage and hour laws regulate, among other things, the payment of overtime wages by employers, subject to limited exemptions not applicable herein. R.S. Mo. §§ 290.500(3) & (4); R.S. Mo. § 290.505.1.

44. During all times relevant to this action, Defendants were the "employer" of

Plaintiff and the Class within the meaning of the Missouri's wage and hour laws. R.S. Mo. §§ 290.500(3) & (4).

45. During all times relevant to this action, Plaintiff and the Class were Defendants' "employees" within the meaning of Missouri's wage and hour laws. R.S. Mo. §§ 290.500(3).

46. Missouri's wage and hour laws exempt certain categories of employees from Missouri's overtime wage and other obligations, none of which apply to Plaintiff or the Class. R.S. Mo. §§ 290.500(3).

47. Pursuant to Missouri's wage and hour laws, employees are entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of forty (40) hours in a workweek. R.S. Mo. § 290.505.1.

48. Defendants, pursuant to their policy and practice, violated Missouri wage and hour laws by refusing and failing to pay Plaintiff and other similarly situated employees overtime wages required under Missouri law. R.S. Mo. § 290.505.1. In the course of perpetrating these unlawful practices, Defendants have also failed to keep accurate records of the hours worked each day and each workweek by their employees as required under Missouri law. R.S. Mo. § 290.520.

49. Plaintiff and the Class are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of Missouri's wage and hour laws, has been applied, and continues to be applied, to all Class members.

50. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid overtime wages due within two (2) years preceding the filing of this Complaint plus periods of equitable tolling along with an additional equal amount as liquidated damages. R.S. Mo. § 290.527.

51. Plaintiff and the Class are entitled to an award of pre-judgment and post-judgment interest at the applicable legal rate.

52. Defendants are liable pursuant to R.S. Mo. § 290.527 for Plaintiff's costs and reasonable attorneys' fees incurred in this action.

WHEREFORE, on Count II of this Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages; (3) attorneys' fees and costs as allowed by R.S. Mo. § 290.527; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

WEINHAUS & POTASHNICK
/s/ Mark A. Potashnick
Mark A. Potashnick (E.D. Mo. # 35970)
Ilya I. Ruvinskiy (Mo. Bar # 60900)
(E.D. Mo. bar application forthcoming)
11500 Olive Blvd., Suite 133
St. Louis, Missouri 63141
Telephone: (314) 997-9150
Facsimile: (314) 997-9170

and

**STUEVE SIEGEL HANSON LLP**
George A. Hanson (MO Bar #43450)
(*pro hac vice* application forthcoming)
Richard M. Paul III (MO Bar # 44233)
(*pro hac vice* application forthcoming)
Jack D. McInnes (MO Bar #56904)
(*pro hac vice* application forthcoming)
460 Nichols Road, Suite 200
Kansas City, Missouri 64112
Telephone:  (816) 714-7100
Facsimile:  (816) 714-7101

**ATTORNEYS FOR PLAINTIFF**