UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ERIKA BEASELY, individually and on behalf of others similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:09CV1748 CDP ) |
| GC SERVICES LP, | ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

Named plaintiffs Erika Beasely and Lora Meyers are former telephone representatives at GC Services' call centers. In their amended consolidated complaint, plaintiffs allege that GC Services and other similarly situated employees violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., by requiring them to work before, during, and after their paid shifts without compensation. Plaintiffs now move for conditional certification of this case as a collective action under FLSA so that they may notify certain past and present GS Services employees of this action and provide them the opportunity to "opt in" as plaintiffs to this litigation.[1] GS Services opposes conditional certification on various grounds. I

---

[1] Numerous GC Services employees have already filed consents to join this action even though it has not yet been certified as a collective action.

will grant plaintiffs' motion for the reasons that follow.

Background

GS Services operates approximately 23 call centers in the United States, including two in St. Louis, Missouri.[2] Beasely worked at one of the call centers in St. Louis; Meyers worked in West Virginia. Both were telephone representatives, which means they talked to GS Services' customers on the telephone to collect delinquent debts and provide customer service. These employees are paid on an hourly basis and usually work 40 hours per week. To handle the telephone calls, representatives are required to log in and use a computer system, a telephone system, and various software programs and applications. Plaintiffs allege that they were not paid for the time it took them to perform these tasks. Instead, plaintiffs claim that they were required by company policy to complete all of these tasks before the start of their shift, so that they could be ready to handle calls at the start of their scheduled shifts. Plaintiffs estimate that they had to arrive about 10 minutes early to perform these time consuming tasks, and that they were considered tardy if they failed to complete them before the start of their shift. Plaintiffs also claim that it was GS Services' policy and practice to suffer or permit

---

[2]This number excludes call centers in California, which are currently part of a pending lawsuit in California state court.

telephone representatives to work during their unpaid meal periods and after their shifts ended to handle telephone calls, complete reports, refresh computer systems, log in to the computer systems, review work-related documents, and log out of the programs, applications, and computer system. GS Services has presented evidence disputing these allegations.

With the instant motion, plaintiffs request an order granting conditional class certification certifying this case as a collective action and authorizing plaintiffs to send notice under § 216(b) of the FLSA to "all current and former employees of defendant GS Services, L.P. who have staffed dedicated telephone lines at GS Services' call centers in the United States, except in California, at any time during the last three years." Plaintiffs also seek an order requiring GS Services to provide them with a computer readable data file containing the name, last known address, dates of employment, and call center location for each such employee and to conspicuously post notice of this case in the break rooms of its call centers.

Discussion

Section 7 of the Fair Labor Standards Act mandates that an employer may not subject non-exempt employees to a work week in excess of 40 hours unless the employee is compensated for her overtime with additional pay of at least one and one half times her regular hourly wage. 29 U.S.C. § 207. The Act also provides

that any employer who violates this restriction "shall be liable to the employee or employees affected in the amount of their . . . unpaid overtime compensation . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

An action to recover the overtime and liquidated damages may be maintained "by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Id. The FLSA does not define the term "similarly situated."[3] Although the Eighth Circuit Court of Appeals has not decided the standard to determine whether potential opt-in plaintiffs are "similarly situated" under § 216(b), the district courts in this circuit use a two-step analysis. See e.g., Littlefield v. Dealer Warranty Services, LLC, 679 F. Supp.2d 1014, 1016 (E.D. Mo. 2010); Parker v. Rowland Express, Inc., 492 F. Supp. 2d 1159 (D. Minn. 2007); Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811 (W.D. Mo. 2005); Dietrich v. Liberty Square L.L.C., 230 F.R.D. 574 (N.D. Iowa 2005); McQuay v. American Int'l Group, Inc., 2002 WL 31475212 (E.D. Ark. 2002).

---

[3] A 216(b) collective action differs from class actions brought under Rule 23 of the Federal Rules of Civil Procedure. Davis v. Novastar Mortgage, Inc., 408 F. Supp. 2d 811, 814-15 (W.D. Mo. 2005). A primary distinction is that under FLSA a similarly situated employee must "opt-in" to the collective action to be bound by it, whereas under Rule 23, a similarly situated employee must "opt-out" to avoid being bound by the judgment. Id. See also Grayson v. K Mart Corp., 79 F.3d 1086, 1096 (11th Cir. 1996) (noting that the "similarly situated" standard is considerably less stringent than Rule 23(b)(3) class action standards).

As is typical under the two-step process, plaintiffs have moved for conditional certification for notice purposes at an early stage of the litigation. See Davis, 408 F. Supp. 2d at 815. At this first step in the process, I do not reach the merits of their claims. Kautsch v. Premier Communications, 504 F. Supp. 2d 685, 688 (W.D. Mo. 2007); Hoffmann v. Sbarro, Inc., 982 F. Supp. 249, 262 (S.D.N.Y. 1997) (citation omitted). Plaintiffs' burden at this stage is not onerous. See Kautsh, 504 F. Supp. 2d at 688; Smith v. Heartland Automotive Services, Inc., 404 F. Supp. 2d 1144, 1149 (D. Minn. 2005) (burden at first stage is "not rigorous"). Conditional certification at the notice stage requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan." Davis, 408 F. Supp. 2d at 815. "Plaintiffs need not show that members of the conditionally certified class are actually similarly situated." Fast v. Applebee's International, Inc., 2007 WL 1796205, *3 (W.D. Mo. June 19, 2007). That determination is made during the second step of the process, after the close of discovery. Id. "Determining whether such a collective action is the appropriate means for prosecuting an action is in the Court's discretion." Heartland, 404 F. Supp. 2d at 1149 (citation omitted). Once the Court conditionally certifies the class, potential class members are given notice and the opportunity to "opt-in." Parker, 492 F. Supp. 2d at 1159.

At the second step of the process, the defendant may move to decertify the class. See Dernovish v. AT&T Operations, Inc., 2010 WL 143692 at *1 (W.D. Mo. Jan. 12, 2010). This is typically done after the close of discovery when I have more information and am able to make a factual determination as to whether the members of the conditionally certified class are similarly situated. See Davis, 408 F. Supp. 2d at 815. To be similarly situated, however, "class members need not be identically situated." Fast, 2007 WL 1796205, *4 (W.D. Mo. June 19, 2007).

Having reviewed plaintiffs' motion in light of the relevant standards, I find that they have cleared the relatively low hurdle of demonstrating that conditional certification of the collective action is appropriate. Plaintiffs have come forward with substantial allegations that they and the other members of the proposed collective action were victims of a single decision, policy or plan to deprive them of compensation, namely, that they were required to perform some work, including but not limited to booting up their computers and logging into one or more computer software programs, without getting paid for it. Although defendant has presented evidence that clocking in and clocking out procedures, log-in requirements, and computer and software programs might vary among call centers,[4]

---

[4] To the extent that some employees may have clocked in on a wall mounted clock before performing any work, plaintiffs correctly note that this issue can and should be addressed following discovery before the second stage of the certification process.

plaintiffs have still adequately alleged that they and the other GC Services' employees they seek to represent were required to perform similar work without pay, and they have adequately described the work in sufficient detail so that other proposed members of the collective action who performed similar tasks may be identified and notified of the action. See, Bishop v. AT&T Corp., 256 F.R.D. 503, 507 (W.D. Pa. 2009) (conditionally certifying collective action involving unpaid overtime at call centers and noting that "enumerating the specifics of how each call center accounts for employee work hours does not counter an allegation of a common policy of denying payment for such hours."); Busler v. Enersys Energy Products, Inc., 2009 WL 2998970 at *3 (W.D. Mo. Sept. 16, 2009) (conditionally certifying collective action, despite potential distinctions among plaintiffs, because plaintiffs presented enough evidence at initial stage that employees were similarly situated and subject to a common practice."). That one or more of the named plaintiffs may have, at times, taken less than the estimated time to perform these tasks does not mean that they are not members of the class they are seeking to represent. See Loomis v. CUSA, LLC, 257 F.R.D. 674, 676 (D. Minn. 2009) (court does not make credibility determinations or findings of fact with respect to contradictory evidence submitted by parties at this initial stage). To the extent this and GC Services' other arguments regarding management policies go to the merits

of plaintiffs' claims, they are not yet ripe for resolution. See Dernovish,2010 WL 143692 at *2 (conditionally certifying collective action involving call center telephone representatives being required to log in to computer systems before start of shift, despite arguments by defendant that their written policies prohibited such practices and that employees have different managers and job requirements; these arguments go to merits, and plaintiffs made adequate showing of being similarly situated because they were all required to log in before they could work). For purposes of this motion, these arguments also do not preclude conditional certification of a collective action. After discovery is complete and the matter is fully briefed, I may decertify the collective action for this (or some other) reason advanced by GC Services. But I cannot deny conditional certification of the proposed collective action simply because plaintiffs may not ultimately prevail on their FLSA claim.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for order conditionally certifying collective action [#35] is granted, and the Court conditionally certifies a class of all current and former employees of defendant GC Services, L.P. who have staffed dedicated telephone lines at GC Services' call centers in the United States, excluding California, for a period of three (3) years from the date of this Order.

**IT IS FURTHER ORDERED** that defendant shall provide plaintiffs' attorneys with a computer-readable data file containing the names, call center locations, and last known addresses of all potential class members on or before **October 26, 2010.**[5]

**IT IS FURTHER ORDERED** that plaintiffs may send out a notice consistent with Exhibit 27 to their memorandum in support of their motion for conditional certification, and defendant shall be required to conspicuously post the notice in the break rooms at its call centers, excluding California, until the opt-in period expires.

**IT IS FURTHER ORDERED** that plaintiffs' motion for leave to supplement [#74] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 6th day of October, 2010.

---

[5] Defendant need not disclose the additional personal information requested by plaintiffs for proposed class members unless ordered by the Court.